IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


UNITED STATES OF AMERICA

VS.                                 CIVIL ACTION NO. 4:05CV157WHB
                                    CRIMINAL NO. 4:01CR8BN

BILLY D. COOPER


OPINION AND ORDER

This cause is before the Court on the following Motions of Petitioner:

1.   Motion for Discovery [docket entry no. 378];

2.   Motion for Nunc Pro Tunc Relation Back to Initial Pleading [docket entry no. 387];

3.   Motion to Supplement Motion to Vacate [docket entry no. 396]; and

4.   Motion for Initial Consideration of Petitioner's Motion to Vacate [docket entry no. 397].

Because of the simple background to the Motions before the Court, the facts of the case do not need to be fully developed. They are discussed where applicable in the analysis section *infra*.

**I. Analysis**

**I.A. Motion for Discovery**

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentencing pursuant to 28 U.S.C. § 2255 ("Motion to Vacate") on September 30, 2005. Petitioner now moves for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings and seeks

various trial and hearing transcripts, files of investigative agencies and officers, cell-phone records, and copies of police files and warrants in an unrelated criminal matter.

Because the transcripts requested are a matter of public record, Petitioner is entitled to that information. However, this does not mean that Petitioner is entitled to these transcripts at government expense.  In Norton v. E. U. Dimazana, M.D., 122 F.3d 286 (5th Cir. 1997), the United States Court of Appeals for the Fifth Circuit set forth the prerequisites that must be met before the government is required to bear the expense of a transcript fee on appeal.  The court stated:

> "Fees for transcripts furnished ... to persons permitted to appeal in forma pauperis shall ... be paid by the United States if ... a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).  In order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal. Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir.), cert. denied, 471 U.S. 1126, 105 S.Ct. 2659, 86 L.Ed.2d 276 (1985).

Id. at 293. In the subject case, Petitioner fails to specifically show how the transcripts are necessary for proper disposition of his § 2255 Petition.

It appears from the Exhibits to Petitioner's Motion for Discovery that Petitioner's former attorneys, Larry Yarbrough and Joe Hollomon, have, at some point, possessed certain transcripts that are the focus of Petitioner's current request. If Mr.

Yarbrough and Hollomon currently possess these transcripts, the Court orders them to turn these material over to Petitioner.

As for all other information for which Petitioner seeks discovery, Petitioner fails to make sufficient factual allegations to justify discovery under Rule 6. The Court has discretion to allow discovery in a Section 2255 case where good cause is shown. <u>Murphy v. Johnson</u>, 205 F.3d 809, 814 (5th Cir. 2000). "Good cause may be found when a petition for habeas corpus relief establishes a prima facie claim for relief." <u>Id.</u> (citation and quotation marks omitted). However, a Section 2255 petitioner must make more than "speculative or conclusory" factual allegations. <u>Id.</u> For a court to allow discovery, a petitioner must make specific factual allegations. <u>Id.</u> "Simply put, Rule 6 does not authorize fishing expeditions." <u>Id.</u>

After reviewing Petitioner's Motion to Vacate and Motion for Discovery, the Court finds that good cause does not exist to grant Petitioner's discovery request. Petitioner fails to explain how the information he requests relates to the claims he has made in his Motion to Vacate. Petitioner has merely made a conclusory assertion that the discovery he requests will substantiate his claims. Accordingly, the Court will deny Petitioner's Motion for Discovery.

**I.B. Motion for Nunc Pro Tunc Relation Back to Initial Pleading**

In his Motion for Nunc Pro Tunc Relation Back to Initial Pleadings, filed on November 7, 2005, Petitioner seeks to amend his Motion to Vacate by inserting additional facts and law at specific locations in his brief. Petitioner does not seek to add new claims

3

that were not raised in his Motion to Vacate. The government does not oppose these amendments; therefore, the Court will grant Petitioner's Motion for Nunc Pro Tunc Relation Back to Initial Pleading.

**I.C. Motion to Supplement Motion to Vacate**

On December 12, 2005, Petitioner filed a Motion to Supplement Petitioner's Motion to Vacate ("Motion to Supplement"), essentially asking for leave to amend his original petition by adding new issues to his Motion to Vacate. In his original Motion to Vacate, Petitioner raises various claims of ineffective assistance of counsel. Petitioner's Motion to Supplement raises new claims of ineffective assistance of counsel that are based on facts that were not alleged in his original Motion. Petitioner also asserts claims of prosecutorial misconduct in his Motion to Supplement that were not previously raised.

A Section 2255 motion to vacate must be filed within one year after the date of the conviction becomes final. 28 U.S.C. § 2255. Where a criminal defendant seeks direct review of a conviction by the Supreme Court of the United States, "the federal judgment of conviction becomes final for purposes of the one year limitation period . . . on the date the Supreme Court denies the defendant's petition for writ of certiorari on direct review." United States v. Thomas, 203 F.3d 350, 356 (5th Cir. 2000). The Supreme Court denied Petitioner's Writ of Certiorari on November 2, 2004, and

Petitioner's Motion to Supplement was filed on December 6, 2005. Therefore, the Motion to Supplement to add new claims was filed outside the statute of limitations.

The issue then becomes whether the new claims raised in the Motion to Supplement "relate back" to the original Motion to Vacate, which was timely filed. If an "amendment [is] offered for the purpose of adding to or amplifying the facts already alleged in support of a particular claim," the amendment relates back to the date of the original petition. United States v. Hicks, 283 F.3d 380, 388 (D.C. Cir. 2002) (Applying Fed. R. Civ. P. 15(c) to motion to amend § 2255 petition). However, if a petitioner seeks to "introduce a new legal theory based on facts different from those underlying the timely claims," the amendment should not relate back and should therefore be time barred. Id.

Petitioner's Motion to Supplement seeks to amend his original Motion by adding new claims of ineffective assistance of counsel that are based on facts that were not alleged in the original Motion to Vacate. Amendments to a § 2255 motion cannot relate back to the date of the originally filed motion if the amendments raise new claims of ineffective assistance of counsel that are "separate and distinct" from those raised in the original motion. United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000). Moreover, the prosecutorial misconduct claims raised in the Motion to Supplement clearly present new legal theories that are based on

different facts. Because the proposed amendments would not relate back and would therefore be time barred, it would be futile to allow Petitioner to amend his original Motion to Vacate. Accordingly, Petitioners' Motion to Supplement is not well taken and should be denied.

**I.D. Motion for Initial Consideration of Petitioner's Motion to Vacate**

Petitioner urges the Court to promptly consider his Motion to Vacate. In light of Petitioner's allegations of ineffective assistance of counsel, this Court, on October 27, 2005, entered an Order directing Petitioner's former counsel, Joe M. Hollomon and Larry Yarbrough, to respond to the Motion to Vacate. Mr. Hollomon and Mr. Yarbrough's response is due on January 15, 2005. After the response of former counsel is filed, the Government will be given thirty days to file their response to Petitioner's Motion to Vacate. The Court will not consider the merits of the Motion to Vacate until both former counsel and the Government have responded. Accordingly, Petitioner's Motion for Initial Consideration of Petitioner's § 2255 Motion is not well taken and should be denied.

**II. Conclusion**

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Petitioner Billy D. Cooper's Motion for Discovery [docket entry no. 378] is not well taken and is hereby denied.

6

IT IS FURTHER ORDERED that former counsel for Petitioner, Larry Yarbrough and Joe Hollomon, forward to Petitioner within 10 days any transcripts of this matter that either or both currently possess. Either or both may file a copy of a letter transmitting such transcript, in any, to signify compliance with this order. In the event neither has any such transcript, they should file a pleading so indicating within 10 days.

IT IS FURTHER ORDERED that Petitioner Billy D. Cooper's Motion for Nunc Pro Tunc Relation Back to Initial Pleading [docket entry no. 387] is well taken and is hereby granted.

IT IS FURTHER ORDERED that Petitioner Billy D. Cooper's Motion to Supplement Motion to Vacate [docket entry no. 396] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that Petitioner's Motion for Initial Consideration of Petitioner's § 2255 Motion [docket entry no. 397] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that the Clerk of Court send  a copy of this Opinion and Order to Larry Yarbrough and Joe Hollomon.

SO ORDERED this the 20th day of December, 2005.


                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE


blj

7