```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**BILLY D. COOPER**

**VS.**                             **CIVIL ACTION NO. 4:05-CV-157WHB**
                                    **CRIMINAL NO. 4:01-CR-8WHB**

**UNITED STATES OF AMERICA**

## OPINION AND ORDER

This cause is before the Court on the following Motions of Petitioner Billy Cooper:[1]

1. Motion to Strike Motion to Supplement ("Motion to Strike"), filed on February 3, 2006, under docket entry no. 405;

2. Motion for Clarification of Nunc Pro Tunc Relation Back to Initial Pleading ("Motion for Clarification"), filed on February 3, 2006, under docket entry no. 406;

3. Motion for Order for Subpoena Duces Tecum, filed on March 3, 2006, under docket entry no. 409;

4. Motion for Order to the Clerk to Serve Orders from the Court, filed on March 3, 2006, under docket entry no. 410.

---

[1] Petitioner is proceeding in this case *pro se*; therefore, his pleadings must be liberally construed. Pena v. United States, 122 F.3d 3, 4 (5th Cir. 1997).

The facts of the case do not need to be fully developed to address the subject Motions. They are discussed where applicable in the analysis section *infra*.

## I. Analysis

### A. Motion to Strike

Through the Motion to Strike, Petitioner asks the Court to strike his previously filed "Motion to Supplement Motion to Vacate" ("Motion to Supplement") (docket entry. no. 396), asserting that the Motion to Supplement was filed improvidently. The Court however considered and denied the Motion to Supplement on its merits before the subject Motion to Strike was filed with the Court. See Opinion and Order, filed December 20, 2005. Accordingly, the Motion to Strike will be denied as moot.

### B. Motion for Clarification

Petitioner's Motion for Clarification seeks to amend Petitioner's original Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") by: (1) supplementing an ineffective assistance of counsel claim raised in the Motion to Vacate by adding what he believes certain uncalled witness would have testified to if they had been called during a suppression hearing, and (2) adding further legal authority to an existing due process claim based on the alleged use by the Government of "conflicting theories" at the trial of Petitioner and his codefendant, James Frye.

A Section 2255 motion to vacate must be filed within one year after the date of the conviction becomes final. 28 U.S.C. § 2255. Where a criminal defendant seeks direct review of a conviction by the Supreme Court of the United States, "the federal judgment of conviction becomes final for purposes of the one year limitation period . . . on the date the Supreme Court denies the defendant's petition for writ of certiorari on direct review." United States v. Thomas, 203 F.3d 350, 356 (5th Cir. 2000). The Supreme Court denied Petitioner's Writ of Certiorari on November 2, 2004, and Petitioner's Motion for Clarification was filed on February 3, 2006. Therefore, the Motion for Clarification was filed outside the statute of limitations.

The issue then becomes whether the Motion for Clarification can "relate back" to the original Motion to Vacate, which was timely filed. If an "amendment [is] offered for the purpose of adding to or amplifying the facts already alleged in support of a particular claim," the amendment relates back to the date of the original petition. United States v. Hicks, 283 F.3d 380, 388 (D.C. Cir. 2002) (Applying Fed. R. Civ. P. 15(c) to motion to amend § 2255 petition). However, if a petitioner seeks to "introduce a new legal theory based on facts different from those underlying the timely claims," the amendment should not relate back and should therefore be time barred. Id.

In Petitioner's Memorandum in support of Motion to Vacate, he contends in a footnote that the failure of his counsel to call certain witnesses at a January 2, 2002, Suppression Hearing amounted to ineffective assistance of counsel. Petitioner now seeks to supplement that claim by including what he believes would have been the testimony of potential witnesses Erma Williams, Rodney Lang, and Terry Nichols. Because this portion of the proposed amendment only adds facts to an existing claim and does not raise a new legal theory, the Court will allow the Motion to Vacate to be substituted with this information.

In addition, Petitioner requests that the Court allow him to incorporate additional information in his Motion to Vacate regarding a "conflicting theories" due process claim, wherein he contends that the Government improperly argued at his trial that he (Petitioner) was "the shooter" while also arguing that Frye was "the shooter" at Frye's trial. The Government opposes this proposed amendment, urging that the "conflict theories" claim presents a new claim that is time barred. The Court, however, disagrees that this is a new claim. In his original Motion to Vacate, Petitioner briefly mentions "conflicting theories" in a footnote. But, in his Motion for Nunc Pro Tunc Relation Back to Initial Pleading ("Motion to Amend"), which was filed on November 7, 2005, under docket entry no. 387, Petitioner sought to amend his Motion to Vacate by expounding on his "conflicting theories" claim. The Government did

4

not oppose this proposed amendment. <u>See</u> Respondent's Response to Motion to Amend; docket entry no. 393. Because there was no objection by the Government, the Court granted the Motion to Amend. <u>See</u> Opinion and Order, dated December 20, 2005. Thus, Petitioner has already amended his Motion to Vacate as to his "conflicting theories" claim without opposition from the Government. The material Petitioner now seeks to add through his instant Motion to Clarify merely consists of further legal arguments on this already existing claim. Therefore, because no new legal theories are raised, the Court will also allow Petitioner to supplement his Motion to Vacate with the information pertaining to his "conflicting theories" claim.

Accordingly, the Motion for Clarification is granted and the Motion to Vacate should so reflect the proposed amendments.

**C. Motion for Order for Subpoena Duces Tecum**

Next, Petitioner moves the Court to issue a subpoena duces tecum regarding discovery requests Petitioner made in a previously filed Motion for Discovery. The Court however denied the Motion for Discovery in an Opinion and Order, filed on December 20, 2005. Consequently, Petitioner's Motion for Order for Subpoena Duces Tecum will be denied as moot.

**D. Motion for Order to the Clerk to Serve Orders From the Court**

Finally, Petitioner claims that he has not received a copy of any Orders entered by the Court since Petitioner's Motion to Vacate

was filed on September 30, 2005, and requests that the Clerk of the Court be ordered to send Petitioner a copy of any such Order. In its Response, filed on March 3, 2006, the Government stated that it would mail the Petitioner a copy of the two Orders rendered by the Court since the filing of the Motion to Vacate. The Court assumes that the Government did in fact send Petitioner copies of the two Orders and sees no reason why it should now order the Clerk to do the same. Accordingly, the Motion for Order to the Clerk to Serve Orders from the Court is denied. However, since Petitioner is now proceeding *pro se*, the Clerk of the Court is directed to send Petitioner a copy of this Opinion and Order and all further Orders hereafter filed in this case.

## II. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Petitioner's Motion to Strike Motion to Supplement [docket entry no. 405] is hereby denied as moot.

IT IS FURTHER ORDERED that Petitioner's Motion for Clarification of Nunc Pro Tunc Relation Back to Initial Pleading [docket entry no. 406] is hereby granted, in accordance with this Opinion and Order.

IT IS FURTHER ORDERED that Petitioner's Motion for Order for Subpoena Duces Tecum [docket entry no. 409] is hereby denied as moot.

IT IS FURTHER ORDERED that Petitioner's Motion for Order to the Clerk to Serve Orders from the Court [docket entry no. 410] is hereby denied.

IT IS FURTHER ORDERED that the Clerk of the Court send Petitioner copies of this and all future Orders of this Court.

SO ORDERED this the 29th day of June, 2006.

                                                s/ William H. Barbour, Jr.
                                                UNITED STATES DISTRICT JUDGE

blj