```
       IN THE UNITED STATES DISTRICT COURT FOR
         THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**BILLY D. COOPER**                                                **PETITIONER**

**VS.**                                    **CIVIL ACTION NO. 4:05CV157–WHB–JCS**
                                      **CRIMINAL ACTION NO. 4:01CR8–WHB–JCS**

**UNITED STATES OF AMERICA**                                        **RESPONDENT**


### OPINION AND ORDER

This cause is before the Court on Petitioner's Motion to Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Court has considered the Motion, Response and Rebuttal as well as well as supporting and opposing authority, and finds that the Motion to Amend Judgment is not well taken and should be denied.

By an Opinion and Order entered July 24, 2006, this Court denied Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. Aggrieved by this ruling, Petitioner filed the subject Motion to Amend Judgment on August 11, 2006. The motion is based on the alleged failure by this Court "to adequately address" the issues raised by the Petitioner in seeking habeas relief.

Under Rule 59(e) of the Federal Rules of Civil Procedure, "[t]he court ... recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not

previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." Atkins v. Marathon Le Torneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)(citing NRDC v. EPA, 705 F. Supp. 698, 702 (D.D.C. 1989), vacated on other grounds by 707 F. Supp. 3 (D.D.C. 1989)). See also, Russ v. International Paper Co., 943 F.2d 589, 593 (5th Cir. 1991), cert. denied, 503 U.S. 987 (1992); F.D.I.C. v. Cage, 810 F. Supp. 745, 747 (S.D. Miss. 1993). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the three grounds for such a motion. Atkins, 130 F.R.D. at 626, n. 1. "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id. (citing Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

The Court finds that Petitioner has failed to establish any of the three grounds necessary for reconsideration in the Motion to Amend Judgment presently before it. There has been no intervening change of law. Petitioner has not produced any evidence that was previously unavailable to him or that was not previously produced and considered by the Court. Finally, Petitioner has not persuaded the Court that it made a clear error of law that would result in manifest injustice. Accordingly, the Court finds that Petitioner's Motion to Amend Judgment is not well taken and should be denied.

IT IS THEREFORE ORDERED that the Motion of Petitioner to Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) [Docket No. 422] is hereby denied.

IT IS FURTHER ORDERED that Petitioner's "Letter of Notification" [Docket No. 230] and Respondent's Motion for Affidavits from Defense Counsel and for an Extension of Time to Respond to Petitioner's motion for habeas relief [docket No. 379] are both denied as moot.

IT IS FURTHER ORDERED that Billy Cooper's Petition for Writ of Habeas Corpus is hereby dismissed, with prejudice.  A Final Judgment will be entered this day.

SO ORDERED this the 11th day of September, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE