```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        EASTERN DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                     CRIMINAL NO. 4:01-cr-8-WHB
                                    CIVIL ACTION NO. 3:16-cv-526-WHB

**BILLY D. COOPER**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on Defendant's Successive Motion and Supplemental Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

Relevant to the subject Motions, the Docket shows that Billy D. Cooper ("Cooper") has filed multiple motions seeking collateral relief in this criminal case, including at least four that either expressly sought relief under 28 U.S.C. § 2255 or were construed to be seeking relief under that statute.  <u>See</u> Opinion and Order [Docket No. 585](providing chronology of Cooper's pleadings seeking post-collateral relief).  In 2016, Cooper, who was then proceeding *pro se*, filed the subject Successive Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody under 28 U.S.C. § 2255 ("Successive 2255 Motion").  Thereafter, the Federal Public Defender entered his appearance on Cooper's behalf, and filed a supplement to Cooper's Successive 2255 Motion.  In his pleadings, Cooper challenges his conviction/sentence under 18 U.S.C. § 924(c), which criminalizes the use of a firearm during or in relation to a

crime of violence.[1]  See Supp. Mot. to Vacate [Docket No. 612], 2. In support of his Motion, Cooper relies on the decision of the United States Supreme Court in United States v. Johnson, 135 S.Ct. 2251 (2015), which was held by that same Court to apply retroactively.

In conjunction with the filing of his Successive 2255 Motion, Cooper submitted a Petition to the United States Court of Appeals for the Fifth Circuit seeking authorization to file that Motion, as is required by statute.  See 28 U.S.C. § 2255(h)(providing that in order to file a successive 28 U.S.C. § 2255 motion, the "motion must be certified" by a United States Court of Appeals).  The Fifth Circuit denied Cooper's request.  See In re: Billy D. Cooper, No. 16-60459, slip Order, (5th Cir. Nov. 22, 2016).  As the Fifth Circuit denied Cooper's request for authorization to file his Successive 2255 Motion, this Court does not have jurisdiction to consider the merits of that Motion.  See United States v. Sellers, 247 F.3d 241, 241 (5th Cir. 2001)("Because a successive § 2255 motion requires certification from this court prior to filing in the district court, the district court lacked jurisdiction to consider" the motion).  See also United States v. Quintero, 451 F. App'x 408, 409 (5th Cir. 2011)(holding that "a district court lacks jurisdiction to consider a successive § 2255 motion unless this

---

[1] Cooper acknowledges that the vacating of his firearm conviction would not affect his term of imprisonment as he is serving a mandatory life sentence based on his conviction for car jacking resulting in death under 18 U.S.C. § 2119(3).

2

court has granted permission to file a successive motion pursuant to 28 U.S.C. § 2244(b)(3)(A)."). Accordingly, the Court finds Cooper's Successive 2255 Motion must be dismissed for lack of jurisdiction.

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motion and Supplemental Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket Nos. 610 and 612] are hereby denied for lack of jurisdiction based on the decision of the United States Court of Appeals for the Fifth Circuit to not authorize the filing of those Motions.

IT IS FURTHER ORDERED that a Certificate of Appealibility should not issue. Defendant has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED this the 29th day of November, 2016.

s/ William H. Barbour, Jr.  
UNITED STATES DISTRICT JUDGE